**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MURRAY MALIN, M.D.,** | * | |
| | * | |
| Plaintiff, | * | Civil Action No. PJM 07-1896 |
| | * | |
| v. | * | |
| | * | |
| **SIEMENS MEDICAL SOLUTIONS** | * | |
| **HEALTH SERVICES,** *et al.*, | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Dr. Murray Malin filed suit against Siemens Medical Solutions Health Services and Siemens Medical Solutions USA, Inc.[1] alleging that they terminated his employment and engaged in other retaliatory actions in response to his concerns he expressed about the safety and marketing of a software product, in violation of the whistleblower provisions of Sarbanes-Oxley Act of 2002 (SOX), 18 U.S.C. § 1514A.

On September 22, 2008, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment as to the applicable law but denying it without prejudice as to the application of the law to the factual record.[2]  The Court held that only insofar as the Defendants might be shown to be agents of Siemens AG, a publicly traded company subject to SOX, could they be pursued as defendants.  In pertinent part, therefore, the C our held that Malin was permitted to take further discovery but only on the limited issue of whether Defendants acted as an agent of Siemens AG with respect to Malin's hiring, supervision, and termination, allowing Malin 90 days to "establish that Defendants acted as Siemens AG's agent with respect to

---

[1] Siemens Medical Solutions Health Services is a division of Siemens Medical Solutions USA, Inc.  Throughout the record, the two are collectively referred to as "Defendants."
[2] A full recitation of the facts of the case is set forth in the Court's prior Opinion.  *See Malin v. Siemens Med. Solutions Health Servs., et al.*, Civil No. PJM 07-1896, at 2-4 (D. Md. September 22, 2008).

employment matters in general or the retaliatory conduct in particular, [otherwise] neither Defendants nor Siemens AG [would be] subject to § 1514A's whistleblower protection provisions." *See Malin*, Civil No. PJM 07-1896, at 13.

Following this discovery, Defendants have again filed a Motion for Summary Judgment [Paper No. 44].  For the following reasons, the Court **GRANTS** it.

## I.

Defendants argue that Malin has failed to create a genuine issue of material fact that liability may be imposed against Defendants under SOX.

They posit first that Section 806 of SOX applies only to publicly traded companies and their officers, employees, contractors, subcontractors, or agents, and that Defendants are not publicly traded companies as defined by Section 806.  Accordingly, Defendants can only be liable for a SOX violation if they were acting as agents of Siemens AG with respect to Malin's employment.

They submit that Malin cannot demonstrate that Defendants were acting as agents of Siemens AG, its publicly traded and distant parent company, when they made the decision to terminate his employment.  They further state that even if Malin could establish the requisite agency relationship, his SOX whistleblower claim would still fail because he did not engage in protected activity under SOX and no such purported protected activity was a contributing factor in his employer's decision to lay him off.

Malin contends that Defendants were agents of Siemens AG because, through Defendants, Siemens AG paid his wages, provided his retirement benefits, and exercised tight control over Defendants' Human Resources policies and programs.  This, he says, suffices to establish a relationship with Siemens AG sufficient to hold them in the case.

Malin details a number of other associations between Siemens AG and its subsidiary companies.  Defendants, he suggests, have conceded they are covered under SOX because they are subject to Siemens AG's SOX compliance program.  He also argues that, as evidenced by responsibility Siemens AG has assumed in other SOX litigation,[3] Siemens AG has in effect acted as principal for its subsidiaries, hence Siemens AG should also be deemed a principal here.  He points to the fact that Siemens AG has assumed financial and legal responsibility for other illegal actions of these very Defendants in other instances.

As to the specific involvement of Siemens AG in his employment relationship, Malin argues that Siemens AG participated in his hiring because he applied for his job through Siemens AG's website, where the jobs of all Siemens AG affiliates are posted.  Finally, Defendants are said to be liable because they are wholly owned by Siemens AG and Siemens AG's Code of Ethics applies to all their decision making, including as to employment decisions.

## II.

A party is entitled to summary judgment if the evidence in the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The court is obligated to view the facts, as well as inferences drawn from the facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  However, "[a] mere scintilla of evidence is not enough to create a fact issue." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 640 (E.D. N.C. 1996), *aff'd*, 338 F.2d 987 (4th Cir. 1967)).  There must be "sufficient evidence favoring the nonmoving party for a jury to

---

[3] Malin refers to documents executed by Peter Solmssen, a Member of Siemens AG's Managing Board, its General Counsel, and Head of its Corporate Legal and Compliance Organization.

return a verdict for that party.  If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

249-50 (1986) (citations omitted).

## III.

The Court finds as a matter of law that Malin has failed to establish the agency

relationship requisite to holding Defendants liable under SOX.

His focus on Siemens AG's Code of Ethics, Human Resources policies, and history of

assuming liability misses the point.  The relevant consideration, as the Court previously noted, is

whether Siemens AG was "involved in Malin's hiring, supervision or termination." *See Malin*,

Civil No. PJM 07-1896, at 22; *see also Rao v. Daimler Chrysler Corp.*, 2007 U.S. Dist. LEXIS

34922 (E.D. Mich. May 14, 2007) ("to hold that non-public subsidiaries are subject to the

whistleblower protection provisions simply because their parent company is required by other

SOX provisions to report the subsidiary's financial information or to adopt an umbrella

compliance policy would widen the scope of the whistleblower protection provisions beyond

what Congress appears to have intended").  None of what Malin proffers shows that Siemens AG

hired, supervised, or terminated Malin.

His assertion that Defendants have previously admitted they are covered under SOX by

reason of Siemens AG's Compliance Program ignores the Court's holding that non-public

subsidiaries are not "subject to the whistleblower provisions simply because their parent is

required by other SOX provisions to report the subsidiary's financial information or to adopt an

umbrella compliance policy." *See Malin*, Civil No. PJM 07-1896, at 11.  Similarly, Malin's

reliance on the Statement of Offense signed by Peter Solmssen and Siemens AG's assumption of

legal and financial liability in a prior case is irrelevant.  Siemens AG's assumption of

responsibility for other offenses dealing with different facts provides no evidence that it in any way actually participated in his hiring, supervision, or termination by Defendants.

The argument regarding the job postings on Siemens AG's website also fails.  Defendants persuasively suggest that, rather than supporting Malin's position, the job posting actually clarifies that Defendants, not Siemens AG, were the employing entities

Malin has not established that Defendants functioned as agents of Siemens AG; hence that SOX applies to their employment actions vis-à-vis Malin.

## IV.

The Court therefore **GRANTS** Defendants' Motion for Summary Judgment [Paper No. 44].

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**August 12, 2009**